JOHN C. MINTURN v. FRANCIS B. STRYKER, sheriff, etc.

A levy under an execution must be a clear, palpable, and unequivocal act, and upon property within the view, and subject to the control of, the person making the levy, and not secret or concealed.

Where chattels are leased, with power to the lessor to take possession at any time, a sale by him determines the contract for letting.

THE defendant, as sheriff of Kings county, under an execution against the village of Williamsburgh, levied upon certain fire-engines, for which the plaintiff brought his replevin in the *cepit*.

It appeared that the property had once belonged to that village, and had been sold on an execution in January, 1839, and bought by one Meserole. He leased them to the village for $150 a year, during pleasure, with a right to take them into his own possession on demand, and put an end to the hiring.

The execution on which the defendant levied, was delivered to him about the 5th of August, 1843, and on the 1st of September, 1843, Meserole sold the property to the plaintiff, who, in October following, brought this suit.

On the trial of the cause "the taking of the property by the defendant was admitted," and the defendant's deputy testified that he made a levy on the 6th or 7th of August, but no person was present at the time he did so. He afterward saw the plaintiff, who told him that, if he levied, the property would be replevied, but the deputy replied, there was no need of his doing so, as he should do nothing more about it, unless he was indemnified. That afterward, and after plaintiff had become the owner, the deputy again called on the plaintiff and said he was indemnified, and then made a

formal levy, at which time he saw the property and made an inventory.

The defendant moved for a nonsuit on the grounds—first, that the defendant having levied before plaintiff became the owner, replevin in the *cepit* would not lie; second, that under the contract of letting, the plaintiff had not the right of immediate possession. The point was reserved, and a verdict taken for plaintiff, subject to the opinion of the court.

*A. D. Soper*, for plaintiff, moved for judgment.

*F. E. Mather*, for defendant, insisted that the action, being in the *cepit*, could be maintained, because:—

1. The levy was legal and proper in respect to the interest which the defendant in the execution had in the property in question. (*Van Antwerp, sheriff, etc.* v. *Newman*, 2 Cow. 543; *Randall* v. *Cook*, 17 Wend. 53; *Wheeler* v. *Train*, 4 Pick. R. 168; *Collins* v. *Evans*, 15 id. 63; *Gordon* v. *Harper*, 7 T. R. 9.)

2. The plaintiff in this suit had no interest whatever in the property at the time of the taking complained of, nor had he any such interest therein, at the commencement of this suit, as to enable him to maintain this action. (2 R. S. 430, § 5; *Barrett* v. *Warren*, 3 Hill, 348; *Rogers* v. *Arnold*, 12 Wend. 30.)

*The Circuit Judge:* I think the plaintiff must have judgment. That which the deputy called a levy on the 6th or 7th of August, was not such. It does not appear that he saw the property, or had it under his control, nor did he make known that he had levied, but on the other hand, by his declaration to the plaintiff, clearly gave him to understand that he did not then mean to exercise any control over it. All he seems to have done was to call on the president of the village and inform him he had an execution. This was not a levy. He did not take actual possession; the goods were not brought within his view, and subject to his control; no inventory was

taken, and his acts were not such as, under any circumstances, could have made him a trespasser. And the plaintiff could not have understood it was a levy, for he avowed the intention to replevy, which intention was carried out the moment the deputy did those acts which are necessary to constitute a levy. (*Beekman* v. *Lansing*, 3 Wend. 550; *Westervelt* v. *Pinckney*, 14 id. 123; *Van Wyck* v. *Pine*, 2 Hill, 666.) A levy, to be valid, must be a clear, palpable, unequivocal act, not secret or concealed, upon property within his view and subject to his control. The first act of that kind, in this case, was after plaintiff's title had accrued.

There is nothing in the other point raised for the defendant. Meserole had not only a right to immediate possession, by his contract with the village, but he had exercised the right and put an end to the contract by his sale to the plaintiff, and the plaintiff claimed and had the actual possession at the time the levy was really made.

Judgment for plaintiff.